[Civ. No. 5157.   Second Appellate District, Division One.—April 20, 1928.]

WALTER HARVEY, Respondent, v. MARGARET E. BERGER, Appellant.

H. T. Morrow and A. R. T. Truex for Appellant.

Robert E. Austin and John N. Helmick for Respondent.

SHAW, J., *pro tem.*—The plaintiff, who was a licensed real estate broker, brought this action to recover a commission alleged to be due him on a sale of real estate made for the defendant. Judgment was given in favor of the plaintiff, from which the defendant appeals.

The plaintiff showed that he had a written authorization from the defendant for the sale of the property, in which she agreed to pay him a commission therefor; that he procured purchasers ready, able, and willing to purchase the property on terms conforming to this authorization; that he obtained from said purchasers a signed written contract to buy on the said terms; and that he notified the defendant of the contract and read it to her over the telephone, including the buyers' signatures, and was told by the defendant that she approved thereof. These facts are sufficient to entitle plaintiff to recover, unless there is something in the showing made by the defendant to countervail their effect. Defendant's contentions on this appeal are in substance two: First, that plaintiff was guilty of misconduct of such gross character as to forfeit his right to commissions; and, second, that the agency contract was in effect abandoned by both parties and was therefore no longer in force when plaintiff made the sale.

After the purchasers had signed the written contract for the purchase of the property, the plaintiff, through a subagent, told them to take possession of the property without waiting for the consummation of the transaction, which they at once did. This was in excess of the plaintiff's authority, which was merely an ordinary real estate broker's contract authorizing him to procure a purchaser, but it was not in violation of any express instructions upon the subject. Defendant, upon learning that the purchasers had taken possession, demanded that they at once vacate the premises, and declined to consummate the deal unless they should comply with this demand. They failed to do so, whereupon defendant employed an attorney and brought an action of ejectment against them, and a considerable number of days elapsed before they finally surrendered the pos-

session. The contention of the defendant on her first point is that by thus exceeding his authority the plaintiff forfeited all right to his commission. The law on this subject is thus stated in 1 Mechem on Agency, second edition, page 1194: "The same result of forfeiture will, as has been seen, flow from such wilful and persistent disobedience of lawful and reasonable instructions as shows a complete disregard of the fundamental obligations of the relation, and a practical disloyalty to the principal's interests. Less than this, and the agent's negligence will be ground for damages, or, perhaps, for a discharge, but will not ordinarily work a total forfeiture of the agent's right to compensation." In 2 Corpus Juris 761, the law on this point is stated as follows: "If an agent in transacting the agency is guilty of unfaithfulness, treachery, or dishonesty, or of gross misconduct, gross mismanagement, gross unskillfulness, or of a failure to follow his instructions, he generally forfeits his right to compensation. Where an agent has been guilty of such gross negligence in the transaction of her principal's business as to render his services worthless, he can recover no compensation whatever. But mere errors of judgment on the part of the agent, or omissions which do not amount to misconduct or culpable negligence, do not work a forfeiture of his right to compensation, although the principal is entitled to deduct from the agent's compensation whatever damages he has suffered through the negligence of the agent in the transaction of the business." Appellant has cited no cases which state the law more strongly in her favor than the two authorities just quoted, nor have we been able to find any. She relies largely upon the numerous cases holding that an agent who has an interest adverse to his principal, or who attempts to act for both parties in the transaction without their knowledge, forfeits his right to a commission. These authorities do not apply to the present case. The plaintiff did not undertake to act for the purchasers, but for the seller, in telling the former that they might take possession. While his act in so doing was in excess of his authority, it was not a violation of any positive instructions, nor do we think under the circumstances of this case it was misconduct of such a gross character as to forfeit his right to compensation. It merely gave rise to a cause of action in the defendant for such damages as she may have suffered by

reason of his unauthorized acts, which cause of action she might have asserted as a counterclaim in this action, or perhaps by an independent action. There was no counterclaim in the present action, the answer merely denying the existence of the agency contract and the performance thereof by plaintiff. We do not think the acts complained of are available to defendant in support of these denials.

On the second point defendant cites authorities to the effect that a written contract may be mutually abandoned and the parties released from further obligations on account thereof by parol. It is unnecessary to pass upon this proposition of law, because the facts to which defendant claims it is applicable are shown only by her witnesses. The plaintiff, on the other hand, testified that there was no abandonment of the contract, and since his version of the matter was accepted by the court, it is binding upon us. Plaintiff's written authority fixed no time for its own duration, but provided that defendant should give the plaintiff written notice of withdrawal; and no such notice was shown.

The judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.